UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                      :
TOMER AVRAHAM MD PLASTIC          :
SURGERY LLC,                                    :
                                    Plaintiff,   :
                                                      :
                       -against-               :          25 Civ. 8233 (LGS)
                                                      :
INTERNATIONAL BROTHERHOOD       :              **ORDER**
OF TRADE UNIONS HEALTH              :
AND WELFARE FUND,                   :
                                    Defendant.  :
                                                      :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, the Order dated October 22, 2025, set the briefing schedule for the petition that governs this matter. *See* Dkt. 7. Per the Order, Plaintiff's petition was due November 5, 2025.

       WHEREAS, no petition was filed by November 5, 2025.

       WHEREAS, the Order dated November 10, 2025, required Plaintiff to file its petition by November 12, 2025. *See* Dkt. 13. The Order also apprised Plaintiff that a second failure to comply with Court deadlines would result in dismissal of this case for failure to prosecute.

       WHEREAS, nothing has been filed on the docket since November 10, 2025. It is hereby

       **ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a

fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiffs' failure to comply with court orders, weighs in favor of dismissal. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). Plaintiff has now missed two court-ordered deadlines to file its petition. Due to Plaintiff's failure to comply with the Court's orders, the case is effectively dormant and cannot proceed without Plaintiff's participation. Plaintiff's lack of response is sufficient to warrant dismissal.

The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal. On November 10, 2025, Plaintiff was advised that failure to comply with the order would result in dismissal. The Order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218. Plaintiff was on notice of the that dismissal would result if it missed a second deadline to file its petition.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, is neutral. While Plaintiff's failure has not yet caused several months of delay, which prejudices Defendants, continued failure to prosecute would create such prejudice. *See Seabrook v. Janssen Pharms. Inc.*, No. 20 Civ. 2005, 2022 WL 3718277, at *2 (S.D.N.Y. Aug. 29, 2022) (presuming prejudice to defendants after months of delay).

The fourth factor, balancing the Court's interest in managing its docket with Plaintiff's

interest in receiving a fair chance to be heard, is neutral. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order). "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023).

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal. "A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded." *Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: November 18, 2025
New York, New York

                                                LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE